# Metropolitan L. I. Co. *v.* Goodman.

## *Assumpsit.*

(Decided May 12, 1914. Rehearing denied June 3, 1914.
65 South. 449.)

1. *Insurance; Life; Warranty; Representation.*—As applicable to the laws of insurance a "warranty" is a statement, the truth of which is made a condition to the validity of the policy, and a "representation" is a statement made as an inducement to the contract of insurance and collateral to it.

2. *Same; Warranty.*—Warranties are affirmative and promissory —of two kinds—both of which may be either expressed or implied; the first relating to the existence of some fact or state of things, before the making of the policy, and the latter to the happening of some future event or the performance of some future act.

[Metropolitan L. I. Co. v. Goodman.]

3. *Same; Breach.*—Prior to section 4572, Code 1907, a breach of a warranty avoided a policy, regardless of its materiality to the risk, although breach of a representation did not affect the policy unless the misrepresentation was material to the risk, it being a mere inducement to the making of the contract of insurance.

4. *Same; Statutes.*—Section 4572, Code 1907, should be liberally construed to advance the legislative intent of preventing forfeitures of life insurance policies for breach of immaterial warranties.

5. *Same; Condition and Warranty Distinguished.*—A proviso in a life policy that it should be void if insured before its date, had been attended by a physician for any serious disease or complaint is a warranty rather than a condition; past facts, when unknown to both parties to a contract, may form the basis of a provision that there shall be no contract in case they exist, but where they are known to one of the parties, and the other knows that he knows thereof, he cannot make the non-existence of such fact the basis of a condition which would avoid the contract, as that would be repugnant to the contractual obligation, since a condition relates properly to the happening of a future event; hence, as a warranty may apply to past facts, such a provision in a policy is a warranty subject to the provisions of section 4572, Code 1907.

6. *Same; Life Policy; Provisions.*—An insured is presumed to be familiar with the provision of his policy, unless induced by the fraud of the insurer not to read it.

7. *Same.*—Where an insured accepts a life policy containing the provisions that it should be void, if before the delivery of the policy, he has been attended by a physician for any serious complaint, he is bound by such condition and impliedly warrants that he has not been so attended by any physican.

8. *Same; Evidence.*—Where the action was on a life policy containing the provision that it should be void in case insured is attended by a physician for any serious ailment before its issuance, and it appeared that insured had been attended by a physician for treatment of a serious complaint, the evidence examined and held insufficient to support a verdict that the risk was not thereby increased.

9. *Words and Phrases; Conditions.*—In the law of estates, where the term originated, a condition is a qualification or restriction annexed to a deed or devise by virtue of which an estate is made to vest, be enlarged or defeated upon the happening of a particular event or the non-performance of a particular act; and such conditions may be precedent or subsequent, a condition precedent being one which must happen before the estate dependent upon it can arrive, while a condition subsequent is one which, when it does happen, will defeat the estate.

10. *Contract; Condition; Precedent.*—In the law of contracts a condition precedent is a condition which must be performed before the agreement of the parties can become a valid and binding contract.

11. *Same; Defenses.*—A party cannot avoid a contract on account of a fact which at the time of the making of the contract he knew, or could ascertain from the other party, unless relieved of the duty of

ascertaining them by the fraud or by the warranty of the other party.

12. *Evidence; Judicial Notice; Matters Relating to Health.*—Where a life policy provided that it should be void in case the insured had been attended by a physician for a serious ailment before its issuance the court cannot judicially know that the fact that insured was attended by a physician for the treatment of a named disease increased the risk within the provision of section 4572, Code 1907.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Nancy E. Goodman against the Metropolitan Life Insurance Company on a policy issued by it on the life of Lewis M. Goodman in which she was named as beneficiary. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEINER, CRUM & WEIL, for appellant. The existence of the policy was made dependent by agreement of the parties, not upon what the insured misrepresented or represented as being true, but upon the existence of a fact—the attendance on insured by a physician for a serious disease or complaint prior to the issuance of the policy.—*Brown v. Com. F. I. Co.,* 86 Ala. 189; *Ala. St. Mut. Co. v. Long,* 123 Ala. 667; *Traders I. Co. v. Letcher,* 143 Ala. 400. The question arises upon this condition, and not upon the representation of warranty made by the applicant in the application for insurance. —74 N. E. 947; 58 N. Y. Supp. 295; 131 N. Y. Supp. 588; 146 Ill. App. 290. The contract will be enforced by the courts in the manner that the party saw fit to make it.—*Day v. Home I. Co.,* 58 South. 550. The fact that the pleas do not conform to the provisions of section 4572, Code 1907, did not authorize the court to sustain the demurrers to them.—*Empire L. I. Co. v. Gee,* 55 South. 166. It is evident that the statute only intended to deal with such warranties as the representations, and made warranties by agreement of the par-

ties.—*Empire L. I. Co. v. Gee, supra; White v. Sav. Soc.,* 27 L. R. A. 398. Statutes in derogation of the common law are strictly construed.—74 N. E. 947. As a matter of law, the disease or complaint was serious, and the risk was materially increased thereby.—53 N. E. 129; 44 N. E. 1088. If the character of the disease is regarded commonly as being serious, the court judicially knows it is serious and that the risk is thereby increased.—*McDaniel v. State,* 76 Ala. 1; 53 N. E. 129. Under the evidence, the disease for which insured was treated increased the risk.

LETCHER, McCORD & HAROLD, for appellee. The trial court gave the proper application and effect in this case to the provisions of section 4572, Code 1907.—*Empire L. I. Co. v. Gee,* 55 South. 166. If there is no breach and if there is no failure of the condition precedent, the life of the policy contract remains intact.—*Ala. G. L. I. Co. v. Johnson,* 80 Ala. 467. The courts do not judicially know that the disease named increased the risk of loss.—*Empire L. I Co. v. Gee, supra.*

THOMAS, J.—In the law of insurance, as established and declared by judicial decision, a warranty is a statement of the contract with reference to the conditions on which it is predicated, the truth of which is made a condition to its validity; while a representation is a statement made as an inducement to a proposed contract of insurance and collateral to it. Warranties are of two kinds, affirmative and promissory. Affirmative warranties may be express or implied, and consist of representations in the policy of the existence of some fact or state of things at or previous to the time of making the policy. Promissory warranties may also be express or implied, but they usually have respect to

the happening of some future event, or the performance of some act in the future. The distinction between affirmative and promissory or executory warranties is that the former represent the existence of certain facts or condition of things at the time when the policy is effected, and the latter represent that certain things shall exist during the continuance of the policy.

An affirmative warranty is in the nature of a condition precedent, while a promissory warranty is in the nature of a condition subsequent, to the contract; and, whether affirmative or promissory, the effect of a breach thereof by the insured is to relieve the liability of the insurer, and this regardless, until the enaction of section 4572 of the Code, of whether the matters warranted be material or not to the risk, and regardless of whether the insured acted in good faith or not in making the warranty. On the other hand, in order to avoid a contract of insurance for false representations or misrepresentations not amounting to warranties, which, as seen, are a mere inducement to the making of the contract, it must appear, or be made to appear, not only that the matters and things so represented are false, but also that they were material to the risk. A false representation or misrepresentation renders the policy void on the ground of fraud on the part of the applicant in procuring it, while a noncompliance with a warranty by him operates as a breach of the conditions of the contract. Quite frequently it is a difficult question, even for the courts, to determine whether a clause in a contract of insurance amounts to a warranty or only a representation.—*Ala. Gold Life Ins. Co. v. Johnston,* 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816; 16 Am. & Eng. Ency. Law (2d Ed.) p. 919 et seq.; 25 Cyc. 798 et seq., 821 et seq.; 6 Am. & Eng. Ency. Law (2d Ed.) 499 et seq.; 19 Am. & Eng. Ency. Law (2d Ed.) 62

et seq. To avoid this uncertainty and confusion, and in the interest of honesty and fair dealing, and to protect unwary applicants for insurance against the artifices and schemes of designing insurance companies, the Legislature of this state, following the lead of other states, passed the statute which has become section 4572 of the present Code, and which reads as follows:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increases the risk of loss."

The manifest purpose, as declared by our Supreme Court, of this statute was to break down the effect upon the contract of the distinction drawn by the courts, as before pointed out, between warranties and representations, and to permit neither to avoid the policy unless made either with the actual intent to deceive, or (if not so made) unless the matter misrepresented increased the risk of loss.—*Empire Life Ins. Co. v. Gee,* 171 Ala. 441, 55 South. 166; *Mutual Life Ins. Co. v. Allen,* 174 Ala. 519, 56 South. 568; *State Life Ins. Co. v. Westcott,* 166 Ala. 192, 52 South. 344; *Mutual Life Ins. Co. v. Allen,* 166 Ala. 159, 51 South. 877. The statute is to be liberally construed so as to advance the legislative intent and suppress the mischief aimed at. See cases cited in note 78 on page 807 of 25 Cyc.

In the present case the complaint counted upon a policy of life insurance and was in code form. The appellant, defendant below, pleaded thereto the general issue and a number of special pleas, each of the latter setting up that the policy sued on contained a condition to the effect that (quoting), *"unless otherwise stated*

*in the blank space below, in a waiver signed by the sec-retary, this policy is void if .the insured, before its date has been attended by a physician for any serious disease or complaint,"* and each averring that no such state-ment signed by the secretary, waiving said condition was in the policy or blank space below and each further averring that, before the date of the policy, the insur-ed had been attended by a physician for a serious dis-ease or complaint. Some of these special pleas went further and stated this serious disease or complaint, for which assured was so attended by a physican before the date of the policy, to be gonorrhea, and others stat-ed it to be syphilis, and some, so stating, alleged that the said disease or complaint increased the risk of loss, and others failed to do so. To all that failed to so al-lege, the plaintiff filed a demurrer upon the ground of such failure, which the court in each instance sustained. It is conceded by the appellant, defendant below, that the action of the court was without error, provided that section 4572 of the Code, which we have before quoted, is applicable. It is contended by it, however, that the section has no application to the contract here under consideration, inasmuch as the matter set up in the pleas in attempted avoidance of the policy is, it is in-sisted, neither a misrepresentation nor a false warranty on the part of the insured, but a condition in the policy, which vigore propria destroys it in the event that *"before its date, the insured had been attended by a physician for any serious disease or complaint."* We cannot so agree. Our conclusion is that it is a warran-ty—in the nature of a condition, it is true, but not tech-nically speaking, a condition, since a technical condi-tion (that is, one not predicated upon a warranty) must, in order to be valid as such, relate to the future and not to the past. In insurance law, the terms "war-

ranty" and "condition" are often inaptly used as synonymous terms.—Words and Phrases, vol. 2, p. 1399, subtitle Warranties; 16 Am. & Eng. Ency. Law (2d Ed.) 919; *Ala. Gold Life Ins. Co. v. Johnston*, 80 Ala. 471, 2 South. 125, 59 Am. Rep. 816.

A condition in the law of estates, where the term as a technical term originated, is thus defined:

"A condition is a qualification or restriction annexed to a deed or devise, by virtue of which an estate is made to vest, to be enlarged or defeated upon the happening or not happening of a particular event, or the performance or nonperformance of a particular act. A condition may be * * * precedent or subsequent. A condition precedent is, as the term implies, such as must happen or be performed before the estate dependent upon it can arise or be enlarged. A condition subsequent is one that, when it does or does not happen, is or is not performed, as the case may be, defeats the estate."—6 Am. & Eng. Ency. Law (2d Ed.) 500; Words and Phrases, vol. 2, p. 1400.

"In the law of contracts, a condition precedent is a condition which must be performed before the agreement of the parties becomes a valid and binding contract. A condition precedent calls for the performance of some act, or the happening of some event, after the terms of the contract have been agreed upon, before the contract shall take effect—that is to say, the contract is made in form, but does not become operative as a contract until some future specified act has been performed, or some subsequent event transpires—hence it is said a condition precedent doth get or gain the thing or estate made upon condition by the performance of it as a condition subsequent keeps and continues the estate by the performance of the condition."—*Redman v. Aetna*

*Fire Ins. Co.,* 49 Wis. 431, 4 N. W. 591; 2 Words and Phrases, p. 1400 et seq.

It thus appears that conditions technically such, that is, those not grounded upon warranties, must have reference to and be based on future events, acts, or states of things, that is, on something that is to occur or take place, and not on past acts, events, or states of things, or something that has occurred or taken place. On the other hand, an affirmative warranty, while in the nature of a condition—a condition precedent to the vesting of the right under the contract—is not, technically speaking, a condition, since it relates to past acts, events, or conditions of things, and consists in the assertion of a past or existing fact, upon the truth or accuracy of which the validity of the contract is made to depend.— 16 Am. & Eng. Ency. Law (2d Ed.) 919. See 2 Words and Phrases, p. 1399, under substitute Warranties; May on Insurance, vol. 1, § 156. Past or existing facts or states of things may, *when unknown to both parties to the contract,* form the basis of a valid provision in the contract whereby there is to be no contract in the event they do exist, and vice versa; but the principle upon which such a provision is to be upheld is that of mutual mistake of the parties in supposing such facts or states of things not to exist when they do exist.—1 Page on Contracts, § 61. But where the past or existing fact, act, or state of things is known by one of the parties, and the other knows he knows, then only a warranty or representation by the party knowing of such facts, acts, or states of things, or some fraudulent concealment by him, could relieve the other party of the duty and necessity of ascertaining for himself, on his own responsibility, before he concluded the contract, such fact, act, or event, if he deemed it material or important to the consideration, and of protecting himself by declining,

on account of its existence, to enter into the contract at all. He cannot, in the absence of such warranty, representation, or concealment, omit to do so, and enter into the contract and assume, for a valuable consideration, its obligations and at the same time protect himself from his own negligence by inserting in the contract a valid condition whereby his obligation is to be void, but the consideration paid him therefor is to remain his, unless a fact, which does exist, does not exist. Such a condition, under such circumstances, would be void and must fall, because the party for whose benefit it was inserted knew, or is charged with knowing, at the time he entered into the contract and accepted the consideration from the other party that the condition was absolutely inconsistent with, destructive of, and repugnant to, the obligation which by the contract he assumed. In such case the condition and not the contract fails.— 4 Elliot on Contracts, § 3876; 1 Elliott on Contracts, §§ 224, 225; Bishop on Contracts, §.579, 608. A party cannot avoid a contract on account of facts which were known to him at the time he entered into the contract, or which he knew then that he could ascertain from the other party, unless relieved of the duty by the fraud or warranty of the other party. Unless so relieved, he is charged with a knowledge of such facts, and cannot, because of their existence, exempt himself from liability under the contract. A condition so providing, if not predicated upon a warranty, is void, because repugnant to the obligation at the very inception of the contract. —4 Elliot on Contracts, § 3876; 1 Elliott on Contracts, §§ 224, 225; Bishop on Contracts, § 579, 608.

It follows from what we have said that we are of opinion, for the reasons and on the principles stated, that the condition in the policy here under consideration, relating as it does to a past fact of such nature

that the insurer knew that it was known. to the insured, at the time the policy was issued, is void, unless predicated upon a warranty or representation with respect thereto on the part of the insured.   There is a long line of adjudged cases, however, which hold (and which we cite below without committing ourselves to the doctrine declared) that such a condition, unless so predicated, is without efficacy because waived by the insurer by delivering the policy to the insured.—16 Am. & Eng. Ency. Law (2d Ed.) 936; *German Mut. Ins. Co. v. Niewedde,* 11 Ind. App. 624, 39 N. E. 534; *Wright v. Fire Ins. Co.,* 12 Mont. 474, 31 Pac. 87, 19 L. R. A. 211; *Queen Ins. Co. v. Kline* (Ky.) 32 S. W. 214; *O'Brien v. Ohio Ins. Co.,* 52 Mich. 131, 17 N. W. 726; *Hall v. Niagra Fire Ins. Co.,* 93 Mich. 184, 53 N. W. 727, 18 L. R. A. 135, 32 Am. St. Rep. 497; *Caldwell v. Fire Ass'n,* 177 Pa. 502, 35 Atl. 612; *Short v. Home Ins. Co.* 90 N. Y. 16, 43 Am. Rep. 138; *Continental Ins. Co. v. Munns,* 120 Ind. 30, 22 N. E. 78, 5 L. R. A. 430.

In one of these cases cited (that of *German Mutual Life Ins. Co. v. Niewedde,* which was a suit upon a fire insurance policy), the defendant set up, in attempted avoidance of the policy, that it contained a provision or condition that the policy was to be void, and all premiums paid thereunder were to be forfeited, if the property was incumbered at the date of the policy, and averred that the property was at such time so incumbered by a mortgage executed by insured about a month before the policy was issued. The Court of Appeals of Indiana, in dealing with the questions presented, among other things, said (which we quote without committing ourselves to all that is said) :

"That this provision is valid and enforceable cannot be controverted.   While the courts are averse to giving effect to forfeiture clauses, and will construe the

contract most strictly against the company, resolving all doubts in favor of the policy holder, we are not authorized to make a new contract for the parties, or disregard that which they have themselves created. It is, however, equally the law that the valid and enforceable provisions of the contract may be waived, not only by express agreement, but by the conduct of the company. In determining whether a harsh and inequitable forfeiture clause, such as we have here, is to be deemed waived, the courts have generally applied the same liberal rule in favor of the insured as governs in the construction of the contract itself. That knowledge by the company, at the time it delivered the policy to the insured, of an existing fact which, by the terms of the policy, would avoid it, is a waiver of such provision is conceded by appellant's learned counsel. [Citing cases.] But counsel insist that nothing short of actual knowledge will suffice to accomplish this result. In this view of the law they are not sustained by the weight of authority, nor have they any equity on their side. The contract was, as appellant declares, void ab initio. No risk ever attached. The company hazarded nothing; it simply received appellee's money and had that much clear profit in the transaction with no chance whatever of loss. The appellee, without having in any way deceived or misled appellant [by either fraudulent concealment, false representation, or warranty], without even having his attention called to the mortgage clause in the policy, with appellant apparently displaying at the time no interest whatever in the question of incumbrances, pays his money for an insurance policy expecting to get protection; relying upon appellant's failure to make any inquiry, he depends upon this policy as an indemnity in case of loss, but when the loss comes discovers that he had no insurance. If the law really

requires such holding, then our province is but to declare it. The law, however, does not demand so inexorable adherence to the letter of the contract under all circumstances and all conditions. In quite a number of cases [citing them] it has been adjudged that the failure of the company to inquire about or call any attention to some particular fact operates to relieve the insured from a forfeiture which would follow his omission to disclose it under the strict wording of his policy, although the fact was one material to the risk, but not one unusual or extraordinary. This doctrine was expresssly approved in *Con. Ins. Co. v. Munns,* 120 Ind. 30, 22 N. E. 78, 5 L. R. A. 430, where Mitchell, J., says: 'The rule applicable is that a failure or neglect on the part of the insured to make known facts which the insurer may regard as material to the risk is not a breach of a condition in the policy avoiding it, in case of any omission to make known every fact material thereto, because the insured has a right to suppose that the insurer will make proper inquiries concerning all facts, except such as are supposed to be known, or are regarded as immaterial.' "

Then, after citing and reviewing numerous cases on the subject, the opinion proceeds:

"Both the weight of authority and the strong equities of the case lead us to hold that where there is no written application, no questions asked, no statements made, and no knowledge by the assured that the existence of the mortgage [on the property] was fatal to his insurance, the company [by issuing and delivering the policy under such circumstances] must be deemed to have waived the provision for forfeiture on account of existing encumbrances."

And we may add, what must follow as the clear logic of the situation, that if there had been a written appli-

cation for the policy, that if therein or otherwise questions had been asked the insured relative to the matters made the basis of the condition in the policy, and if he had either answered falsely to such questions, or, if he had in the contract warranted, in good faith or otherwise, the facts of the matter to be different from what the insurer subsequently discovered them to be, or if, without either such false representation or warranty, he had willfully concealed facts which he knew to be material, the insurer could, upon subsequent discovery of the real facts, have avoided the policy; but the basis of the avoidance would not have been the mere fact of the condition in the policy so providing, but would have been, in two of the instances named, fraud for the misrepresentation or concealment on the part of the insured in procuring the policy, and in the other breach of a warranty by him; the clause in the policy under consideration there relating, as it does, to past or existing facts or conditions known to one party and unknown to the other.—3 Page on Contracts, § 1358.

Our view, different from that entertained in the case quoted from, is that, even if there is no formal or written application for the policy—whether there was or not does not appear in the case at bar—the insured is bound by the conditions of the policy which he accepts without objection, whether he read it or not, unless induced by fraud on the part of the insurer not to read it. If not so induced, he is conclusively presumed to have read it, and its conditions are a part of the contract and binding on him, whether relating to past or existing facts or states of things or to future acts or events. If predicated upon the supposed nonexistence of past or existing facts or states of things, known to the insured but unknown to the insurer, the insured by the acceptance of the policy with the condition in it impliedly

warrants their nonexistence. Even to such a warranty we think the statute (Code, § 4572) cited applies.— *Empire Life Ins. Co. v. Gee*, 171 Ala. 441, 55 South. 166. The result is that in our opinion the contention of appellant's counsel is without merit.

The clause in the policy under consideration in the case of *Barker v. Metropolitan Life Ins. Co.*, 118 Mass. 542, 74 N. E. 947, relied on by appellant (as well as the facts of that case), is materially different from that here under consideration, and that case may be distinguished from this upon the principles we have already discussed. That clause provided that no obligation was to be assumed by the company unless at the time the policy was issued the "insured was alive and in sound health." The court with respect to it said:

"The question to be considered arises upon this provision, not upon a representation or warranty made by the insured."

For reasons we have before stated it may be good as a condition, independent of a representation or warranty, if construed, as it may be, to have reference to the future, that is, to mean that if, after the insurer accepted the application and thereby contracted to issue the policy, but before the policy was actually issued, the insured should die or get in a condition of unsound health, there was to be no policy, thereby putting the risk on the insured between the time of accepting his application and the issuance of the policy; or, for reasons also hereinbefore pointed out, the provision may possibly be valid, though we do not decide, under the particular facts of that case, even when construed to have reference to the condition of insured at the time of accepting his application, and even without a warranty or representation on his part as to such condition, and this upon the theory of mutual mistake, before

discussed. It appeared from the facts stated in that case that the insured at the time of the application, though apparently so, was not in sound health, as a result of a latent and dormant, but permanent, trouble, unknown, so far as appears, to either party. In such case, it may be that each party contracted with the understanding, without knowing the facts, that if apparent conditions of sound health were not the real conditions, there was to be no contract. In such event, the contract was to be no contract because of the mutual mistake of the parties. In what we have said, we have merely speculated as to the reasons which actuated the court in the case cited in reaching the conclusion that the condition quoted was good without a warranty or representation. If the conclusion there cannot be justified upon grounds in harmony with what we here hold —that the condition before us is void unless based on a warranty—we decline to follow that opinion. No particular form of words is necessary to create a warranty, and we are of opinion that the clause under consideration in the policy before us, when analyzed and properly construed, means this and nothing more: That the insured warrants that he has not, before the date of the policy, been attended by a physician for a serious disease or complaint, and agree that if the warranty be false, the policy shall be void.

The next proposition in the case arises upon the insistence of appellant that the plea numbered 3, in which it is alleged that the disease of the insured for which he had been attended by a physician was syphilis amounts to an implied allegation that it increased the risk, since, it urges, we should take judicial knowledge that syphilis is a disease of such character that it in every case increases the risk. We cannot so agree. We judicially know that syphilis is a serious disease, but

we do not judicially know that in every case it increases the risk of loss.—*Empire Life Ins. Co. v. Gee, supra.*

The appellant filed a motion for a new trial, stating many grounds, but the first, to the effect that the verdict was contrary to the evidence, is the only one that need be considered here. The policy, which was introduced in evidence, contained the condition set up in defendant's said plea, and bore date of issuance of September 26, 1910. It appeared without dispute that the insured had had syphilis and was attended for it by a physician continuously for 2½ years from April, 1907, which would be up to about September or October, 1909 (about a year before the issuance of the policy), when he was pronounced cured by the physician. This physician testified that he believed the insured was then cured, and that if he was cured it was his opinion that the risk of loss would not be increased; that pellagra (the disease from which insured died) was Italian leprosy; and that if a person had had syphilis and was in a run-down condition he would be more liable to attack by pellagra, but that he thought that, if the insured had had syphilis and had been cured of it before he gave an application for life insurance, the fact that he had had syphilis would not increase the risk. This witness later stated that he was of opinion that a man who had had syphilis was an increased risk at any time before the expiration of five years after he had been cured. It appears that the policy was issued only about a year after the alleged cure, and that the death of the insured (December 6, 1911) occurred only a little over two years after such alleged cure. There were only two other witnesses examined on the subject—both physicians—and each testified positively that in his opinion syphilis was a serious disease of such a character (explaining why) that it would increase the risk of loss

in any case. We are of opinion, on this state of the evidence, under the issues as made by the pleadings, that the court should have granted a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *So. Ry. Co. v. Morgan,* 171 Ala. 294, 54 South. 626. For this reason, the judgment is reversed.

Reversed and remanded.