145 So. 589

## FIRST NAT. LIFE INS. CO. OF AMERICA v. MAXEY.

### 6 Div. 174.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Granted Nov. 29, 1932.

Rehearing Stricken Dec. 20, 1932.

W. Emmett Perry and Caesar B. Powell, both of Birmingham, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

SAMFORD, J.

The plaintiff in this case, who is the beneficiary named in the policy sued on, made application through M. C. Davis (a mere soliciting agent of defendant), to defendant company for a policy of life insurance on the life of his sixteen year old daughter, Elizabeth Maxey.

It is conceded that Davis was only a soliciting agent of the company with no power to bind the company, and that the plaintiff knew that the application was the basis of the contract, and when taken by the agent had to be sent to the home office of the company at Troy, to be there approved, and, if approved, a policy was to be issued and returned to plaintiff through Davis, the agent. The name of Elizabeth Maxey was signed to the application by plaintiff without her having anything to do with it, and, so far as this record shows, without her knowledge. The whole transaction relating to the taking of the application and the subsequent delivery of the policy which was issued thereon was between plaintiff and Davis, the agent. The policy was never delivered to Elizabeth Maxey, but was delivered to the plaintiff, who paid the initial payment of 69 cents and one other monthly payment.

The policy, among other things, contained the following provisions:

"This insurance is granted in consideration of the representations in the application hereof, which application is made a part hereof, and the payment of annual premium of Eight and 28/100 Dollars on delivery of this policy, and the payment of a like amount on or before the 31 day of March in each succeeding year thereafter until death of the insured.

"The rights, provisions and conditions hereinafter set forth are hereby made a part of this contract.

"Incontestability: This policy shall be incontestable after two years from date of issue, except for non-payment of premium or note given in settlement of premium, and subject to the conditions as to statements of insured, as set forth hereinafter.

"Statements of Insured: All statements and representations of the insured as set forth in the application therefor are material inducements for the issuance of this policy, and are relied on by the Company at the time of its issue, and in the event of falsity of any or all of same this policy shall operate as a nullity from the date of its issuance in so far as liability of the Company for payment of indemnities or benefits hereunder are concerned.

"This policy together with the application therefor shall constitute the entire contract between the parties hereto and only the President, Vice-President or Secretary has power on behalf of the Company (and then only in writing) to make or modify this policy of insurance, or to extend or change the time of paying the premiums. The Company shall not be bound by any promise or representations heretofore or hereafter made by any person other than the above. All statements made by the Insured in the application for this policy, in the absence of fraud, shall be deemed representations and not warranties."

In the application which is a part of the contract are to be found the following conditions:

"I have never applied for life or accident or health insurance without having received the exact kind of policy applied for. I do not carry any insurance with the First National Life Insurance Company of America. I have not been disabled or had medical or surgical treatment during the past five years.

"I understand and agree, that I have made the foregoing statement as representations to induce the issue of the policy, and to that end I agree that if any one or more of them by [be] false all right to recover under said

policy shall be forfeited to the company if such false statement was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard assumed by the Company; that the insurance hereby applied for will not be in force until this application has been accepted by the Company and the policy delivered to me while I am in good health and free from all injury, and that no agent, solicitors, or any other person, except the President, Vice-President, or Secretary of the Company, and only then in writing, are authorized to modify or change any of the terms or conditions hereof. I further agree and fully understand that the full amount of insurance applied for hereunder shall not exceed five hundred dollars, according to policy provisions, which this application is made a part of."

The policy was issued on the 31st day of March, 1930, and the insured died under an operation for exopthalmic goiter on May 18, 1930, and the cause of her death is attributed by the attending physician to the goiter.

Exopthalmic goiter is a disease injurious to health, poisoning the system, the only relief for which is a major surgical operation, and, if not operated on in its early stages, is likely to produce death. When plaintiff signed the application and received the policy, he knew that Elizabeth, the insured, had been suffering with this goiter since 1927, and that the Metropolitan Life Insurance Company had refused to issue a policy on her life for that reason. These two facts, or either of them, are sufficient to avoid liability on this policy, unless, with a knowledge of such facts, this defendant has waived the condition named in the policy. Being a mere soliciting agent, notice to Davis was not notice to defendant, and there is an entire absence of any evidence tending to prove that the defendant had any notice regarding the health of insured other than that contained in the application. Commonwealth Life Insurance Company v. Wilkinson, 23 Ala. App. 561, 129 So. 300.

The application signed by plaintiff and the policy issued and signed by the officers of the company became the contract between the parties, and there is no pretense that the contents of the application was fraudulently misrepresented to plaintiff or insured, nor were they prevented from reading same before signing or at any other time. Nor is there any pretense that plaintiff was prevented from reading the policy at the time of delivery or that its contents was fraudulently misrepresented. In the absence of misrepresentation, fraud, or other deceit, a person who can read and write is bound by a contract which he signs, even though he may not know its contents. Commonwealth Life Insurance Company v. Wilkinson, supra; Metropolitan Life Insurance Company v.

Goodman, 10 Ala. App. 446–449, 65 So. 449; Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841.

The defendant's pleas, aside from the general issue, allege a fraud on the part of the plaintiff, who was the beneficiary under the policy, in making application for the issuance of the policy on the life of the insured, in which application plaintiff falsely and fraudulently stated that insured had not received medical treatment during the past five years from the date of the policy; that she was in good health, and had not applied to any other life insurance company for insurance and been rejected. The entire special defense, as set out in pleas B, C, and D, was grounded on the fraudulent misrepresentation by plaintiff as to the health of insured and the reliance by defendant on such misrepresentation in the issuance of the policy sued on.

The plaintiff, replying to these pleas, alleged that the soliciting agent of defendant who asked the questions and wrote down the answers was fully informed by plaintiff of the physical condition of insured, and that, if incorrect answers were written into the application, plaintiff knew nothing about it, and, if a fraud was practiced in procuring the policy, he did not in any way participate therein.

There are no pleas raising the question of a breach of warranty, such as were considered in Metropolitan Life Ins. Co. v. Goodman, 10 Ala. App. 446–449, 65 So. 449, and Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841.

This leaves the only defense as presented by the pleading, that of the fraudulent misrepresentation in the application, and as to that plaintiff's replications allege that the soliciting agent of the defendant while acting within the line and scope of his authority, asked him certain questions regarding the health of insured which he answered truthfully, and that he signed the application prepared by the soliciting agent without reading it and without knowing that it did not state the truth. This becomes the issue as to which the evidence was in conflict and became a question for the jury. First Nat. Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524.

It follows that under the issues as formed by the pleadings the court properly refused the several charges as requested by defendant.

The bill of exceptions was signed December 28th, the record was not prepared by the clerk until May 19th, after the call of the sixth division in April. The record discloses meritorious questions. The motion to affirm is overruled.

Motion to affirm overruled. Judgment affirmed.

Affirmed.

### On Rehearing.

Former opinion withdrawn, opinion substituted. Judgment of reversal set aside, and judgment is affirmed.