[Mutual Life Insurance Company of New York v. Allen.]

# Mutual Life Insurance Company of. New York *v.* Allen.

## *Action on Policy.*

(Decided November 16, 1911.  56 South. 568.)

1. *Insurance; Avoidance of Policy; Misrepresentation; Increasing Risk.*—Under section 4572, Code 1907, pleas to an action on a policy, which had been renewed by the insured after a lapse, which allege that the insured on his application for re-instatement represented that his health was good and unimpaired, but that he was not in good health, and was then suffering from a disease of the heart, which increased the risk of loss, constitute a good defense, since the showing of an increase of the risk of loss, without showing that the misrepresentation was made with actual intent to deceive, was sufficient, the statute being in the alternative.

2. *Same.*—Under section 4572, Code 1907, a mere misrepresentation as to whether the insured had consulted a physician between the time of taking out the policy, and the making of the application for its reinstatement is not a sufficient defense unless it is shown that such misrepresentation was made with intent to deceive, or that it increased the risk of loss, as it is neither the natural or necessary effect of such misrepresentation, to show intent to deceive, or increase of risk.

3. *Pleading; Facts or Conclusions; Misrepresentation With Intent to Deceive.*—Where the action was on a policy of insurance, a plea alleging a misrepresentation by the insured and that it was made with actual intent to deceive, sufficiently avers a defense under the first alternative of section 4572, Code 1907, as it is not necessary in pleading to set out the evidence by which the intent is to be proven.

4. *Same; Increase of Risk.*—A plea averring that the insured's misrepresentation as to whether he had consulted a physician between the time of issuance of the policy and his application for his re-instatement, so as to increase the risk, is not a sufficient defense, under the second alternative of section 4572, Code 1907, as it should aver the fact from which the conclusion is deducible as to an increase of risk.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the court subsequently permits the same witness to testify fully to every fact inquired about when his testimony was offered, any error in exclusion of evidence was cured by the subsequent testimony.

APPEAL from Dallas Circuit Court.
Heard before Hon. B. M. MILLER.

Action by Lulu T. Allen against the Mutual Life Insurance Company of New York on a policy issued on the life of her husband. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, MALLORY & MALLORY, and JOHN S. STONE, for appellant. For former appeal in this case see.—*Mutual L. I. Co. v. Allen,* 166 Ala. 159. A misrepresentation renders a policy void on the ground of fraud.—*Ala. G. L. I. Co. v. Johnson,* 80 Ala. 470. Each of the pleas stated a good defense.—*Mut. L. I. Co. v. Allen, supra; Brown v. Springfield L. A. Assn.,* 53 N. E. 129. State statutes forbidding the use of an application as evidence or otherwise, unless embodied in or annexed to the policy of insurance, do not prevent the proof of fraud in the procurement of the contract.—Code 1907, Sections 4579 and 4572; *Holden v. Metropolitan Life Ins. Co.,* 74 N. E. 337; *Holden v. Prudential Life Ins. Co.,* 77 N. E. 309; *Welsh v. Union Central Life Ins. Co.,* 50 L. R. A. 774; *Reagan v. Union Mut. Life Ins. Co.,* 109 Am. St. Rep. 659; *Hews v. Equitable Life Assurance Society of the U. S.,* 143 Fed. 850; *Peoria & Co. v. Heinz,* 132 Ill. App. 642. Consulting a physician and denying the fact increases the risk of loss assumed in a life insurance policy.—*Bryant v. Metropolitan, etc., Co.,* 60 S. E. 983; *Mutual Life Insurance Co. v. Mullen,* 69 Atl. 385; *Metropolitan, etc., Co. v. Cotter,* 83 S. W. 321; *Beggs' Case,* 110 Ill. App. 139; *Matson v. Modern Samaritans,* 98 N. W. 330; *Wall v. Royal Society Good Fellows,* 36 Atl. 748; *Cobb v. Covenant Mutual Benefit Assn.,* 10 L. R. A. 666; *Metropolitan Life Ins. Co. v. McTague,* 49 N. J. L. 587; *National Life Ins. Co. v. Reppond,* 81 S. W. 1012; *Metropolitan Life Ins. Co. v. Dimmick,* 62 L. R. A. 74; *United Brethren Mutual Aid Society v. O'Hara,* 13 Atl. 932; *Carruthers v. Kansas*

*Mutual Life Ins. Co.,* 108 Fed. 487; *Society v. Reutlinger,* 58 Ark. 528, 25 S. W. 835; *Brown v. Greenfield,* 53 N. E. 129; *Life Assurance of America v. Edwards,* 159 Fed. 53; *Haapa v. Metropolitan Life Ins. Co.,* 114 N .W. 380; 25 Cyc. 816. The trial court erred in sustaining the appellee's motion to exclude that part of the answer of Dr. John N. Furniss to a question propounded to him by defendant, whether Dr. J. P. Furniss, the witness's father, prescribed for said Allen on one of the days referred to by the witness, in the following words: "The said Allen told him so." We insist that this testimony was clearly relevant under the issues on which the case was tried.—Wigmore on Evidence, par. 266, p. 333; *McGowan v. Supreme, etc.,* 104 Wis. 173, 80 N. W. 603; *Rawson v. Insurance Co.,* 115 Wis. 64, 92 N. W. 378.

Pettus, Jeffries, Pettus & Fuller, for appellee. No brief reached the Reporter.

MAYFIELD, J.—Appellee sued appellant on an insurance policy. The original policy was issued October 26, 1902, insuring the life of Walter E. Allen, the husband of the plaintiff. The policy lapsed for nonpayment of premiums; but on December 21, 1907, at the request of the insured, the policy was renewed, or reinstated, for the reduced amount of $2,500; the original amount being $5,000.

When the case was here on former appeal (reported in 166 Ala. 159, 51 South. 877) it was ruled that the court properly sustained the demurrers to certain pleas which set up statements, made in the application for the reinstatement of the policy, as warranties or guaranties, for the reason that it was not alleged that such agreements were not plainly expressed in the policy, as

provided by sections 4572 and 4579 of the Code. On the last trial the defendant seems to have withdrawn the pleas referred to, but left a great number of those discussed in the former opinion, which set up false and fraudulent representations, and filed in addition thereto nine other pleas, numbered from 41 to 50, inclusive. The trial court sustained demurrers to all the special pleas, except those numbred 28, 31, 32, 33, and 34, upon which the trial was had.

Plea 27, after setting out the terms of the policy, the application by the insured for a reduction of the amount of the annual premium, the granting of such application, and the terms upon which granted, and averring a forfeiture of the policy under the application for reinstatement, averred that the insured, in his application for reinstatement, guaranteed that his health had been good at all times since his examination for the original policy; that he had not consulted a physician since that time; that the defendant, upon the faith of such guaranty, reinstated the policy; that such representation was untrue, the health of the insured not having continued good; that at the time he made it he had a serious affection of the heart which increased the risk of loss upon the policy, which fact was unknown to the insurance company at or before the time of the reinstatement of the policy, but was known to the assured; that, had the company known that the assured suffered from such disease of the heart, it would not have reinstated the policy.

Plea 28 was in effect the same as plea 27, except that the misrepresentation set up in that plea is averred to be the statement of the assured, in his application for reinstatement, that he had not consulted a physician, etc., it being alleged that such representation was false, was known to be false by the assured at the time he

made it, and was intended to deceive the company; that it did deceive the company and induce it to execute the contract of insurance; that the assured represented that he had not consulted a physician, whereas the proof showed that he had done so, during the time inquired of, and that the physician informed him that he was suffering from a serious valvular affection of the heart; that such misrepresentation was as to a matter which increased the risk of loss to the company.

Plea 29 was practically the same as plea 28, and averred that the representation by the assured that he had not consulted a physician was false; that the assured knew it was false; and that the company did not, and was thereby induced to reinstate the policy.

Plea 30 was the same as 29, with the additional averment that the false representation by the assured was made by him with the intention of deceiving and inducing the company to reduce the policy, and that he did thereby so deceive and so induce the company to reduce the premium and to reinstate the policy.

Plea 31 avers, as a defense to the action, as follows: "That, prior to and as a part of the negotiations for the execution and the procurement of the contract here sued on the said Walter E. Allen falsely and fraudulently represented to this defendant that his health was good, and defendant avers that said representation was false; that the health of said Walter E. Allen at said time was not good, but that he was suffering from serious heart trouble. And defendant avers that at the time of said false representation the said. Walter E. Allen knew that said representation was false; that he made the same to the defendant with the intent to deceive the defendant, and with the intent that it should be acted upon by the defendant, and to induce the defendant to execute the contract here sued on; that said

representation was not known by the defendant to be false, and did deceive the defendant, and did induce the defendant to execute the contract here sued on."

Plea 32 is the same as plea 31, with this averment added: "Defendant avers that said misrepresentations were as to a matter that increased the risk of loss under said policy."

Plea 33, as a further defense to the action, avers: "That, prior to and as a part of the negotiations for the execution and the procurement of the contract here sued on, the said Walter E. Allen falsely and fraudulently represented to this defendant that he had not, between the time of his last examination for said policy of insurance, to wit, the 26th day of October, 1902, and the time of making said application for establishing or restoring said policy, to wit, December 21, 1907, consulted a physician, and defendant avers that said representation was false; that the said Walter E. Allen had between said dates consulted a physician. And defendant avers that at the time of said false representation the said Walter E. Allen knew that the same was false; that he made the same to the defendant with intent to deceive the defendant, and with the intent that it should be acted upon by the defendant, and to induce the defendant to execute the contract here sued on; that said representation was not known by defendant to be false, and did deceive the defendant, and did induce the defendant to execute the contract here sued on."

Plea 34 is the same as plea 33, with the added averment that the said representation was as to a matter that increased the risk of loss under the policy.

The other pleas, from 35 to 50, inclusive, were practically restatements of the same defenses, in varying phraseology, sometimes adding and sometimes omitting certain allegations contained in other pleas. It would

incumber this opinion too much to epitomize each of these pleas. It is difficult to conceive the necessity of having 50 special pleas to set up two or three defenses to an insurance policy.

The trial resulted in verdict and judgment for the plaintiff, from which judgment defendant appeals.

Assignments of error Nos. 1, 5, and 6 question the correctness of the trial court's ruling in sustaining a demurrer to pleas 27, 36, and 37, respectively, and may be treated together, as they are treated by counsel in argument. The defense set up by these pleas is that of misrepresentation, by the insured, as to his health; that he had represented that his health was good and unimpaired, which was untrue, in that, at the time he was not in good health, but was then affected with and suffering from disease of the heart, or of the valves thereof, which increased the risk of loss; that the falsity of this statement was known to the insured, but unknown to the insurer. We are constrained to hold that these pleas set up a good defense, under the rules laid down by this court in the former appeal, and followed in the recent case of *Empire Life Insurance Co. v. Gee,* 171 Ala. 435, 55 South. 166. The trial court evidently acted upon the theory that it was necessary for such pleas to aver that the misrepresentations were made with the actual intent to deceive. Indeed, this is the only material difference between pleas Nos. 28, 31, 32, 33, and 34, as to which the court overruled demurrers, and the pleas under consideration, as to which the court sustained demurrers. While such an averment may be proper, it is not necessary in all cases. A plea, setting up misrepresentations as a defense to an insurance policy, may be good without such an averment.

The statute reads as follows: "No written or oral misrepresentation, or warranty therein made, in the ne-

gotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."—Code, § 4572.

It will be observed that the statute is in the alternative—"unless such misrepresentation is made with actual intent to deceive, *or* unless the matter misrepresented increase the risk of loss." If the misrepresentation is made "with actual intent to deceive," then it need not "increase the risk of loss" in order to be a good defense. If it "increase the risk of loss," then it is not necessary that it be "made with actual intent to deceive." Of course, both alternatives may exist in the same case, and, if so, they may be averred, but it is not necessary; either is sufficient. If the two coincide, they may be averred in separate pleas.

Those pleas that aver merely a misrepresentation of the fact that the insured had consulted a physician between given dates, without more, were not sufficient under the statute. They should go further, as some of the pleas do, and aver that such misrepresentation was made with the intent to deceive, or should show, by appropriate averments, that such misrepresentation increased the risk of loss. The fact, standing alone, that the insured represented that he had not consulted a physician, when in fact he had done so, does not show either "intent to deceive" or increase of "risk of loss;" and, unless the misrepresentation was made with such intent, or unless it had the effect to increase the risk, then the statute expressly says it shall not "defeat or void the policy." It is neither the natural nor the necessary effect of such misrepresentation to show intent to deceive or increase of risk; hence the intent or the

effect required by the statute must be averred, or facts must be alleged from which the intent or effect must necessarily follow.

It is sufficient, under the first alternative, to allege the misrepresentation, and then that it was "made with actual intent to deceive." It is difficult to see how the averment could be fuller. The intent to deceive is a fact residing exclusively within the knowledge and in the breast of the party harboring it, and it is not necessary to set out the evidence by which the intent is to be proven.

But as to the second alternative, whether the misrepresentation that the insured had not consulted a physician increased the risk or not, it is a conclusion of law, and the facts from which the conclusion is deducible must also be averred. It is not sufficient under our statute to aver merely that this misrepresentation "increased the risk." It may or may not have done so, depending upon the attending facts, which are not averred. Suppose that the physician consulted had found no disease or disorder, and had so advised the insured and the insurer, in such case certainly the misrepresentation could not have increased the risk. In order for the plea to be good under this alternative, it should have averred the facts from which the conclusion is deducible.—4 Mayfield's Digest, p. 467, § 550.

No good end would be subserved by treating these 50 pleas seriatim. What we have said above, and what was said in this case on former appeal (*Gee's Case,* 171 Ala. 435, 55 South. 166), will be a sufficient guide on another trial. The last case above referred to contains a full discussion as to the sufficiency of pleas like those under consideration, and full discussion of the statute in question.

The trial court was probably misled, in its rulings on the second trial, by an expression in the opinion on the former appeal (166 Ala., appearing near the top of page 168, 51 South. 879), to the effect that the statute does not apply "to misrepresentations made with the actual intent to deceive, *and* which would increase the risk of loss." The word "and" should have read "or." This is made to appear in the last sentence in that particular paragraph of the opinion, in which the word "or" is used, as it is in the statute.

If there was error in any of the rulings of the trial court, excluding the evidence introduced or offered to be shown by the witness, Dr. Furniss, it was without possible injury, because the court subsequently permitted this witness to testify fully to every fact inquired about by the defendant, and as to which the court had theretofore declined to allow him to testify, and as to which the defendant had reserved exceptions.

The trial court evidently fell into error as to some of its rulings upon the evidence and upon charges, for the same reason that it erred in rulings upon the pleas; that is, in proceeding upon the theory that, in order for the misrepresentation to be a good defense, it must have been made with both the actual intent to deceive and the effect to increase the risk of loss. And, as above stated, the trial court was probably influenced to this view by the expression quoted from the former opinion in this case.

We find no errors in the rulings upon the evidence, nor in the rulings upon charges, except those which were in accord with the rulings upon the sufficiency of the pleas, the errors in which we have pointed out. We deem it unnecessary to pass upon the various rulings seriatim; there being 49 assignments of error. To treat each separately would be a needless consumption of

[Anthony v. Sturdivant, et al.]

time and space. With the exceptions heretofore pointed out, the trial court seems to have tried the case correctly and upon the correct theories.

For the errors indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and SAYRE, J., not sitting.