# Metropolitan Life Ins. Co. v. Goodman.

### Assumpsit.

(Decided January 13, 1916. Rehearing denied March 23, 1916. 71 South. 409.)

1. Insurance; Life; Breach of Warranty.—Under § 4572, it is not enough for the plea to allege that the assured falsely warranted that he had not been attended by a physician for a serious disease for a given period, as neither of the statutory conditions was thereby fulfilled.

2. Same; Misrepresentation.—The provision of § 4572, Code 1907, must be given a liberal construction in favor of the insured.

3. Same; Defenses.—A plea alleging that the insured fraudulently suppressed the fact that he had been attended by a physician for a serious disease, although good under § 4299, Code 1907, is demurrable where it fails to allege intent to deceive, as required by § 4572, Code 1907.

4. Trial; Conflicting Evidence.—Where there is a conflict in the evidence as to any material matter, it is proper to deny the affirmative instruction.

5. Appeal and Error; Review; Presumption.—Where two trials have resulted in the same verdict, an order denying a new trial will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of evidence against the verdict clearly shows it to be unjust.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Nancy E. Goodman against the Metropolitan Life Insurance Company to recover upon the policy issued on the life of Louis M. Goodman under which she was the beneficiary. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts of 1911, p. 449. Affirmed.

The pleas are as follows:

(6) The policy sued on contained the following condition: "Unless otherwise stated in the blank space below, in a waiver signed by the secretary, this policy is void if the insured, before

its date, has been attended by the physician for any serious disease or complaint." And defendant says there is no statement in said policy signed by said secretary waiving such condition; that before the date of said policy the insured had been attended by a physician for a serious disease or complaint, to-wit syphilis, which increased the risk.

(7) Same as 6.

(8) Same as 6, except the disease named is gonorrhea instead of syphilis, named in plea 6.

(9) Same as 8.

(15) Defendant for further plea says the insured under the policy sued on had syphilis, to-wit, from April, 1907, and continuing for about two years and a half thereafter, and was treated for such disease by Dr. A. H. Montgomery, and when said insured applied for policy of insurance sued on said insured suppressed the fact that he had had the disease above named and had been treated therefor by a physician for the time averred, and defendant says this plea is accompanied by payment into the court of the sum of $22.40, premiums received under said policy.

(13) Same as 6, and adds that insured had said disease when so attended, and said disease increased the risk of loss. This is also accompanied by a plea of tender.

(14) Same as 13.

STEINER, CRUM & WEIL, for appellant. LETCHER, McCORD & HAROLD, for appellee.

GARDNER, J.—This is the second appeal in this cause. For a report of the former appeal, see *Metropolitan Life Ins. Co. v. Goodman*, 10 Ala. App. 446, 65 South. 449. The first assignment of error insisted on by counsel relates to the action of the court in sustaining demurrers to pleas 6, 7, 8, and 9. These pleas were given consideration on the former appeal, but the assignments of demurrer sustained by the court below were not then presented, and the questions now argued were not, therefore, called to the attention of that court.

The provision in the policy held by the Court of Appeals to be a warranty, and which constituted much of the substance of the said pleas, was as follows: "This policy is void if the insured before its date had been attended by a physician for any serious disease or complaint."

Section 4572 of the Code reads as follows: "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

(1, 2) It is therefore to be noted that under this statute a policy cannot be defeated by the making of a warranty unless the matter misrepresented increased·the risk of loss. The court below held the plea subject to demurrer because it did not appear therein that the deceased was afflicted with the disease mentioned in the pleas as having increased the risk, at the time when he was attended by a physician. Counsel for appellant insist that it was sufficient for said pleas to have averred merely that the insured was attended for a serious disease, and that this averment was entirely sufficient without any additional averment to the effect that the insured had such disease at the time he was being attended by a physician. To quote from their brief: "The provision, it will be noted, is not that the insured did not have a serious disease or complaint, but that he had not been attended by a physician for a serious disease or complaint."

We cannot agree in this insistence. As said by the Court of Appeals on the former appeal of this case: "The statute is to be liberally construed so as to advance the legislative intent and suppress the mischief aimed at."

The construction of the provision of the policy of the above-quoted statute, which must be read in connection therewith, contended for by counsel for appellant, would by no means meet the standard of liberal construction, but, on the contrary, it is too narrow to meet with the favor of the court. Indeed, the provision of the policy itself may be construed, at least inferentially, to concede that the insured had a serious disease for which a physician was attending him. In *Mutual Life Ins. Co. v. Allen,* 174 Ala. 511, 518, 56 South. 568, 570, is the following: "The fact, standing alone, that the insured represented that he had not consulted a physician, when in fact he had done so, does not show either 'intent to deceive' or increase of 'risk of loss;' and, unless the misrepresentation was made with such intent, or unless it had the effect to increase the risk, then the statute expressly says it shall not 'defeat or void the policy.' It is neither

the natural nor the necessary effect of such misrepresentation to show intent to deceive or to increase the risk; hence the intent or the effect required by the statute must be averred, or facts must be alleged from which the intent or effect must necessarily follow.   *   *   *   It is not sufficient under our statute to aver merely that this misrepresentation 'increased the risk.'   It may or may not have done so, depending upon the attending facts, which are not averred.   Suppose that the physician consulted had found no disease or disorder, and had so advised the insured and the insurer; in such case certainly the misrepresentation could not have increased the risk.   In order for the plea to be good under this alternative, it should have averred the facts from which the conclusion is deducible.—4 Mayf. Dig. 467."

As previously stated, this defect in the pleas was not pointed out by appropriate assignments of demurrer on the first trial of the cause, and therefore was given no consideration on the former appeal.   We conclude there was no error in sustaining the demurrer to these pleas.

(3) The next insistence is that there was error in sustaining the demurrer to plea 15.   It is urged that this plea is wholly unlike the others in that it rests upon the affirmation of fraud in the suppression of a fact by the insured when making application for the insurance, and that it was drawn so as to comply with section 4299 of the Code.   It need not be conceded that said plea would be sufficient under said section without reference to any other; but in any event the plea would not be held free from attack unless it also met the requirements of section 4572 of the Code of 1907, which relates specifically to the subject here under review, and wherein it is required that the misrepresentation, to be of any avail, must be made with the actual intent to deceive.   As said by this court in *Empire Life Ins. Co. v. Gee,* 171 Ala. 435, 439, 55 South. 166, 168: :"Where fraudulent representations are pleaded in defense to an action on a policy of insurance, it must be shown that false statements have been made with intent to deceive, that they related to matters intrinsically material to the risk, and that the insured relied on them.   This rule has not been changed by statute or decision."

See, also, in this connection *Mutual Life Ins. So. v. Allen,* 166 Ala. 159, 51 South. 877; s. c., 174 Ala. 511, 56 South. 568; *Penn-Mutual L. I. Co. v. Mechanics' Sav. Bk.,* 72 Fed. 413, 19

C. C. A. 286, 37 U. S. App. 692; Id., 73 Feb. 653, 19 C. C. A. 316, 43 U. S. App. 75, 38 L. R. A. 33, 70.

There is no averment in the plea either as to the materiality of the representations or as to any intention on the part of the insured to deceive. The court properly held the plea bad.

(4) The cause proceeded to trial upon the general issue and special pleas 13 and 14, which said pleas, in addition to the averments contained in the special pleas 6, 7, 8, and 9 above referred to, alleged that the insured had such disease when attended by the physician, and which said disease increased the risk of loss. Two physicians were examined by the defendant and one on behalf of the plaintiff. The evidence was in conflict, and the affirmative charge was properly refused.

(5) Much stress is laid by counsel upon the action of the court in denying the motion for a new trial on the ground that the verdict was contrary to the evidence. The case has been twice before a jury, each trial resulting in a verdict for the plaintiff. The evidence was in conflict. The court below had the witnesses before it, and denied the motion. Under the familiar rule announced in *Cobb v. Malone*, 92 Ala. 630, 630, 9 South. 738, this ruling will not be reversed, unless after allowing all reasonable presumptions of its correctness the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. This we are not prepared to do after a most careful examination of the record.—*Const. Cas, Co. v. Ogburn*, 186 Ala. 398, 64 South. 619.

We have here given consideration to the questions argued in brief of counsel for appellant, and, finding no reversible error in the record, it follows that the judgment of the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.