## SOVEREIGN CAMP, W. O. W., v. HUTCHINSON. (8 Div. 636.)

(Supreme Court of Alabama.   March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Insurance ☞723(2).**

Under Code 1923, §§ 8049, 8364, 8507, warranties in application for insurance under fraternal benefit policy will vitiate policy, if they are false and matter misrepresented increased risk of loss, regardless of whether assured knew of their falsity or intended them to deceive.

**2. Insurance ☞723(1)—Warranty must be incorporated in insurance policy or in some other paper adopted by reference therein as part of policy, or in constitution or by-laws of association.**

To constitute warranty, subject-matter must either be incorporated in body of insurance policy or in some other paper adopted by reference therein as part of policy, or it must be embodied in constitution or by-laws of association.

**3. Insurance ☞815(2)—Plea of fraternal benefit association, setting up misrepresentation not shown to have been warranty, must allege that it was relied on.**

Plea of fraternal benefit association, setting up misrepresentation not shown to have been warranty, must allege, not only falsity and materiality of the matter, but also that it was relied on as true.

**4. Insurance ☞815(2) — Plea in action on beneficiary certificate, setting up warranty but failing to aver that falsity of matter warranted increased risk, held demurrable.**

Plea in action on beneficiary certificate, setting up warranty but failing to aver that falsity of matter warranted increased risk of loss, held demurrable.

**5. Insurance ☞815(2) — Pleas in action on beneficiary certificate that insured made false statements as to his health and attendance by a physician held demurrable, where they did not allege that insurer relied on such representations.**

Insurer's pleas in action on beneficiary certificate that insured falsely stated that he was in good health, did not have cancer or tumor, and had not been attended by physician for five years except for influenza, held demurrable,

since they set up misrepresentations merely, and did not allege that insurer relied on them as true.

**6. Insurance ☞815(2).**

Insurer's plea in action on beneficiary certificate, setting up misrepresentations but failing to show that matter was material, *held* demurrable.

**7. Insurance ☞815(2).**

Insurer's pleas in action on beneficiary certificate, setting up warranties by insured as to his health, *held* not demurrable.

**8. Insurance ☞815(2) — Plea in action on beneficiary certificate, setting up misrepresentation and averring that it was made with intent to deceive, and that defendant did not know truth and was deceived thereby, held not demurrable.**

Insurer's plea in action on beneficiary certificate, setting up misrepresentation of insured and averring that it was made with intent to deceive, and that defendant did not know truth and was deceived thereby, *held* not demurrable.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action by Nona S. Hutchinson against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action is by the beneficiary under a fraternal benefit policy to recover the amount of the policy.

The defendant filed ten special pleas, to each of which demurrer was sustained. Each of these pleas was amended, and the demurrer was again sustained to each plea as amended. Special pleas numbered 12 to 21, inclusive, were then filed, to which also demurrer was sustained.

Plea 13 is as follows:

"13. That on or about January 21, 1922, the said W. J. Hutchinson made a written application to join defendant society, and stated therein that he did not have cancer or tumor, and in said application agreed and warranted that all the statements therein were full, complete, and true, and agreed therein that if any untrue statement or answer was made by him therein, his beneficiary certificate (the one sued on) should become void, and all rights of any person or persons thereunder shall be forfeited.

"Defendant alleges that said statement and warranty is untrue, in this, that said Hutchinson then had cancer or tumor, and which disease is serious and incurable, and which increased the risk of loss in that it caused the death of said Hutchinson much sooner than if he had not had said disease."

Plea 14 alleges that the plaintiff's written application, which was a part of the policy sued on, contained this:

"I hereby certify, agree, and warrant that I am of sound bodily health and mind; that I am temperate in habits, and have no injury or disease that will tend to shorten my life."

And also:

"I hereby certify, agree and warrant that all the statements * * * are full, complete and true, * * * and that any statements made by me for reinstatement shall be warranties, and I agree that any untrue statements or answers made by me in this application, or in any application for reinstatement, or to the examining physician, or any concealment of facts, * * * intentional or otherwise, * * * my beneficiary certificate shall become void, and all rights * * * thereunder shall be forfeited."

And it is charged:

"That in said application said Hutchinson stated or answered that he did not have and never had had cancer or tumor. Defendant alleges that said statement or answer was untrue in this, that said Hutchinson did have tumor or cancer; that said disease is serious and incurable and caused his death much sooner than if he had been free of the same, wherefore defendant's risk of loss was increased."

Plea 17 sets out the same statements of the application and policy shown in plea 14, and alleges:

"That said agreement and warranty that he was of sound bodily health and had no injury or disease that would tend to shorten his life was untrue in this, that at the time he made said application he had or was suffering from some disease or ailment which not only tended to shorten his life, but did in fact shorten it, so that he died on April 26, 1922, the name of which disease is unknown to defendant, but which increased the risk of loss to defendant."

Plea 18 sets up the same statements and warranties as in pleas 14 and 17, and also the warranty of the assured, made when he accepted delivery of the policy, and indorsed thereon by him, that "I am in good health at this time and have not been sick or injured since the date of my application, and that all the requirements of the constitution and laws of the society have been complied with": and charges "that said warranty was untrue in this, that said Hutchinson had been sick with neuritis at some time between the date of said application and the 1st day of February, 1922, which false warranty or misrepresentation was made with actual intent to deceive defendant * * *; that said Hutchinson had been informed by one or more physicians that he had neuritis, but concealed such fact or information from defendant."

Plea 19 sets up the same statements and warranties as in plea 14, and, specifically, "that in said application said Hutchinson made the statement or answer that he had not consulted or been attended by a physician for any disease or injury during the past five years, except for influenza in 1918"; and it charges that said warranty was untrue in that he had within the five years been tended and treated by a physician for neuritis, and that said false representation

was made with actual intent to deceive defendant.

Pleas 20 and 21 set up several provisions of the policy that it should impose no liability on defendant until, among other things, it had by authority been manually delivered into the hands of the beneficiary while in good health.

Plea 20 alleges:

"That at the time said policy * * * was delivered to the said Hutchinson he was not in good health in this, that he was suffering from a disease or diseases, the exact names of which is unknown to defendant, and that he finally died from the effects thereof, wherefore said certificate was wrongfully delivered and is null and void * * *; that defendant did not know he was not in good health; that he concealed said facts with actual intent to deceive defendant, and did so deceive defendant."

Plea 21 alleges:

"That the said Hutchinson was not in good health, in that he was suffering with some disease, and died from the effects thereof; that the exact name of said disease is unknown to defendant, when said beneficiary certificate was delivered into his hands * '* *; that Hutchinson concealed the conditions of his health with actual intent to deceive defendant and did so deceive defendant, and defendant did not know the condition of his health, and relied on the representation of good health."

Each of these pleas was severally demurred to on numerous grounds, the chief of which are substantially as follows:

(1) That it does not allege that the assured knew of the existence of the cancer, or tumor, or neuritis, or ill health, at the time he made the representations or warranties.

(2) Nor that defendant did not know of their existence, nor of the existence of a disease which tended to shorten, and did shorten, the life of the assured.

(3) Nor what disease the assured consulted a physician about.

(4) Nor that assured was advised by a physician that he had any disease or injury.

(5) Nor that it was not a casual consultation merely, or for a real disease contemplated by the contract.

(6) It does not show that the conditions, or false warranties or representations were relied upon by defendant.

(7) Nor that it was deceived by them.

(8) Nor that the assured knew his said statements were untrue, and made them with intention to deceive or defraud defendant.

(9) Nor that said Hutchinson was suffering from any disease which tended to increase the risk of loss.

C. H. Roquemore, of Montgomery, for appellant.

Demurrers to defendant's pleas were erroneously sustained. It is not necessary that a plea allege conjunctively that the misrepresentation or warranty was made with actual intent to deceive and that the matter misrepresented increased the risk of loss. Mutual

Life v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; Sov. Camp v. Allen, 206 Ala. 41, 89 So. 58; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Id., 178 Ala. 492, 60 So. 90; Mass. Mutual v. Crenshaw, 186 Ala. 460, 65 So. 65; Id., 195 Ala. 263, 70 So. 768; Miller v. Metropolitan Ins. Co., ante, p. 4, 106 So. 335.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellee.

Defendant's pleas were defective, and authorities cited to the contrary are inapt. 3 Cooley's Briefs on Ins. 2163(e); Franklin L. I. Co. v. Galligan, 71 Ark. 295, 73 S. W. 102, 100 Am. St. Rep. 73; Mutual L. I. Co. v. Snyder, 93 U. S. 393, 23 L. Ed. 887; Metropolitan L. I. Co. v. Goodman, 196 Ala. 304, 71 So. 409; Mutual L. I. Co. v. Allen, 174 Ala. 511, 56 So. 568.

SOMERVILLE, J. In Ala. Gold Life Ins. Co. v. Johnston, 80 Ala. 467, 470, 2 So. 125, 128 (59 Am. Rep. 816), in discussing the nature and effect of warranties and representations in contracts of insurance, it was said:

"As a general rule it has been laid down, that a warranty must be a part and parcel of the contract of insurance, so as to appear, as it were, upon the face of the policy itself, and is in the nature of a condition precedent. It may be affirmative of some fact, or only promissory. It must be strictly complied with, or literally fulfilled, before the assured is entitled to recover on the policy. It need not be material to the risk, for whether material or not, its falsity or untruth will bar the assured of any recovery on the contract, because the warranty itself is an implied stipulation that the thing warranted is material. It further differs from a representation in creating on the part of the assured an absolute liability whether made in good faith or not.

"A representation is not, strictly speaking, a part of the contract of insurance, or of the essence of it, but rather something collateral or preliminary, and in the nature of an inducement to it. A false representation, unlike a false warranty, will not operate to vitiate the contract, or avoid the policy, unless it relates to a fact actually material, or clearly intended to be made material by the agreement of the parties. It is sufficient if representations be substantially true. They need not be strictly, or literally so. A misrepresentation renders the policy void on the ground of fraud; while a noncompliance with a warranty operates as an express breach of the contract."

And in Hunt v. Preferred Acc. Ins. Co. of N. Y., 172 Ala. 442, 446, 55 So. 201, 203, in discussing the effect of a warranty, it was said:

"It is not alleged in terms that the statement complained of as untrue was material to the contract; but it is alleged that the assured warranted the statement to be true, and that it was made the basis of the contract into which the defendant entered on consideration of the warranty and the premium. When the as-

sured warranted the statement to be true, he by necessary implication agreed that it was material. Its falsity would therefore, under the law, bar him of any recovery on the contract."

The distinction is noted, also, in the recent case of Brotherhood, etc., v. Riggins, ante, p. 79, 107 So. 44.

[1] On the other hand, it was held (1) that "any untrue statement or suppression of fact, material to the risk assured, will vitiate the policy, and thus bar a recovery, whether intentional, or within the knowledge of the assured or not"; and (2) that, "if immaterial, such statement, to avoid the policy, must have been untrue within the knowledge of the assured—that is, he must either have known it, or have been negligently ignorant of it." Ala. Gold Life Ins. Co. v. Johnston, 80 Ala. 467, 475, 2 So. 125, 131 (59 Am. Rep. 816).

This is in harmony with the general principles of the law, now reflected in section 8049, Code 1923 (section 4298, Code 1907), declaring that "misrepresentations of a material fact * * * [though] made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

But the foregoing principles, as applicable to insurance policies in general, were qualified by section 4572, Code 1907 (section 8304, Code 1923); and the same statute was separately applied to fraternal benefit policies by the Act of February 17, 1919 (Gen. Acts 1919, p. 118), now section 8507, Code 1923. Its provision is that:

"No written or oral misrepresentation, or warranty in any contract of insurance, * * * or in the negotiation of such a contract of insurance, or in the application therefor, or proof of loss thereunder, shall defeat or avoid the contract of insurance, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

This statute changes former governing principles no further than its terms plainly import. As to misrepresentations in the form of warranties, with which we are here chiefly concerned, it is immaterial whether the assured knew of their falsity, or believed them to be true, or intended them to deceive, or to truly inform. They are sufficient to vitiate the policy if they were in fact false, and the matter misrepresented increased the risk of loss to the insurer. See Brotherhood, etc., v. Riggins, ante, p. 79, 107 So. 44.

The terms of this statute were in effect construed in the case of Mutual Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568, under section 4572, Code 1907, where it was said:

"If the misrepresentation is made 'with actual intent to deceive,' then it need not 'increase the risk of loss' in order to be a good defense. If it 'increase the risk of loss,' then it is not necessary that it be 'made with actual intent to deceive.' Of course, both alternatives may exist in the same case, and, if so, they may be averred, but it is not necessary; either is sufficient."

See, also, Mass. Mut. Life Ins. Co. v. Crenshaw, 186 Ala. 460, 467, 65 So. 65, and Met. Life Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409.

The same statute was construed in the case of Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166, as affecting misrepresentations of fact made as inducement merely, and not amounting to warranties. Quoting from the opinion in that case:

"Where fraudulent representations are pleaded in defense to an action on a policy of insurance, it must be shown that false statements have been made with intent to deceive, that they related to matters intrinsically material to the risk, and that the insurer relied on them."

[2, 3] In order to constitute a warranty, the subject-matter must either be incorporated in the body of the policy, or in some other paper adopted by reference therein as a part of the policy, or it must be embodied in the constitution or by-laws of the association. Therefore a plea setting up misrepresentation, not shown to have been made a warranty by such incorporation or reference, is governed by the principles applicable to cases of deceit, and must allege, not only the falsity and materiality of the matter, but also that it was relied upon as true by the defendant. Empire Life Ins. Co. v. Gee, supra.

Tested by the rules above stated, each of the first eleven pleas were deficient and subject to some of the grounds of demurrer, and their deficiencies (or, at least one or more of them) were not cured by the several amendments filed. The demurrers were properly sustained as to the original pleas and also as to the same pleas as amended.

[4] Plea 12 sets up a warranty, but fails to aver that the falsity of the matter warranted increased the risk of loss to the insurer.

[5] Plea 13 sets up a misrepresentation merely, and does not allege that it was relied upon as true by defendant.

[6] Plea 15 sets up a misrepresentation merely, but fails to show that the matter was material, and does not aver that the assured actually had any disease or injury. Plea 16 is subject to the same criticism.

Pleas 17 and 19 set up a misrepresentation merely, but fail to aver that it was relied on by defendant as true.

Apt grounds of demurrer pointed out the several defects of these pleas, and the demurrer was properly sustained as to each of them.

[7, 8] But pleas 14, 18, 20, and 21 meet all requirements and were not subject to any of the grounds of demurrer.

Pleas 14, 18, and 21 set up warranties, and allege one or the other of the alternatives

prescribed as necessary by the statute. Plea 20 sets up a misrepresentation merely, but it avers that it was made with actual intent to deceive, and that defendant did not know the truth and was deceived thereby.

The demurrers were erroneously sustained as to these four pleas.

For these errors the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.