168 So. 577

### SOVEREIGN CAMP, W. O. W., v. MOORE.

1 Div. 897.

Supreme Court of Alabama.

May 28, 1936.

464

Wm. J. Young, of Mobile, for appellee.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

BOULDIN, Justice.

Action on a fraternal insurance policy to recover death benefit.

A statement in the written application for such policy that the applicant is in

good health, which statement is made a part of the contract, expressly stipulated to be a warranty, which, if untrue, shall render the policy null and void, is a warranty that the applicant is not then afflicted with a serious disease which will increase the risk of loss.

■ A plea setting up such contract provisions and alleging a breach thereof, in that the applicant was, at the time, afflicted with a named disease which could and did in fact cause death sooner than if he had been free from such disease, and therefore, the risk of loss was increased, is a good plea. Sovereign Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 543, 108 So. 520; Brotherhood of Railway & Steamship Clerks v. Riggins, 214 Ala. 79, 107 So. 44; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88; Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; Sovereign Camp, W. O. W., v. Gibbs, 217 Ala. 108, 114 So. 915; Empire Life Insurance Co. v. Gee, 171 Ala. 435, 55 So. 166; Mutual Life Insurance Company v. Allen, 174 Ala. 511, 56 So. 568; Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409; Massachusetts Mut. L. I. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; Independent Life Ins. Co. v. Carroll, 222 Ala. 34, 130 So. 402; General Accident, Fire & Life Assur. Corporation, Ltd., v. Jordan, 230 Ala. 407, 161 So. 240; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 193, 146 So. 524; Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; Mutual Life Ins. Co. of New York v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A.L.R. 649; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470; 3 Joyce on Insurance, § 1942.

Amended plea No. 2 conformed to all the principles above announced, naming Bright's disease as the ailment with which the insured was afflicted.

The trial court erred in sustaining demurrer thereto.

In pleadings and rulings thereon, as well as briefs filed here, it appears that the distinction between a misrepresentation and warranty in an insurance contract, and what must be alleged and proven when either is relied upon to avoid the contract, were matters of controversy.

■ A fundamental difference between a warranty and a misrepresentation affecting insurance contracts, the same as all others, is that a warranty is contractual, enters into and becomes a part of the contract, while a misrepresentation is anterior to and an inducement to the making of the contract.

Formerly there was controversy and doubt as to when statements concerning the risk in life insurance should be deemed warranties or misrepresentations.

To clarify this, and put the insured in possession of the entire contract, the contents of insurance contracts generally are now defined by statute. Code, § 8371; see note to Michie's Code.

A later statute now defines what shall constitute the contract in fraternal life insurance. Code, § 8452; Sovereign Camp, W. O. W., v. Brownrigg, 231 Ala. 162, 163 So. 786.

To further protect the insured against immaterial matters either by stipulations declaring all representations material or giving them the form of warranties, another statute was enacted, reading: "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss." Section 8364, Code.

A like statute now applies to fraternal insurance. Code, § 8507.

These statutes do not abrogate the fundamental distinction between a misrepresentation and a warranty, but mention both. The statutes do, however, ordain that neither a misrepresentation nor a warranty shall avoid the policy, unless the misrepresentation, whether given the form of a warranty or not, was made "with actual intent to deceive" or the "matter misrepresented increase the risk of loss."

The effect is to strike out of the contract any warranty not of one of the classes designated; as to a misrepresentation, the statute has the effect to render same immaterial, not affecting the validity of the con-

tract, unless of one of the classes designated.

The statutes are, within themselves, expressive of a liberal construction of insurance policies in favor of the insured.

With equal certainty the statutes declare that a misrepresentation of the class named shall have effect to defeat the policy on proper pleading and proof.

A plea of misrepresentation in insurance cases, as in others, must aver that the representation was relied upon; in other words, was an inducement to the acceptance of the insured as an insurable risk and the issuance of the policy.

Upon proper averments that the matter misrepresented increased the risk of loss, it is not necessary to aver or prove the representation was known or believed to be false. The statute makes no such condition. Being a statement of fact material to the vital question of insurable risk, if relied upon by the other party to his injury, it is legal fraud, so declared in another and general statute. Code, § 8049; Reliance Life Ins. Co. v. Sneed, supra.

The statute, copied above, makes this clear by its alternative provisions—misrepresentations or warranties must be made with the actual intent to deceive, or the matter misrepresented must increase the risk of loss. It is not essential that both alternatives concur. Maybe some expressions in our decisions are misleading or out of line in this regard, but the decisions above cited and many others have fully settled this construction of the statute.

Dealing with a warranty of a state of good health, one going to the risk of loss, it is not necessary to aver or prove the applicant knew or believed he was afflicted with a disease that would shorten his life. The defense in such case rests on breach of contract on a material matter recognized by law as ground to avoid the policy when so stipulated.

In a word, while the statute puts misrepresentations and warranties in the same category in their effect upon the validity of the policy, each is to be pleaded and proved as in other cases of misrepresentation or breach of warranty.

This, we think, will suffice for the purposes of another trial on the merits.

Other rulings will therefore not be discussed in detail. For the error in sustaining demurrer to amended plea No. 2, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.