174 So. 761

**SOVEREIGN CAMP, W. O. W., v. THOMPSON.**

**4 Div. 925.**

Supreme Court of Alabama.

May 27, 1937.

Carmichael & Tiller, of Geneva, for appellant.

E. C. Boswell, of Geneva, for appellee.

**THOMAS, Justice.**

The appeal is from a judgment on the merits, entered on October 22, 1935.

The appeal bond was filed and approved on May 23, 1936, which is more than six months from the date of rendition of judgment. This was within the statutory period, if time was tolled by the pendency of the motion for a new trial.

The motion for a new trial was filed on October 26, 1935, and on November 2d was called to the attention of the court and set for trial on November 28th of that year; on December 20, 1935, was set for trial on January 6, 1936, and on that day continued to January 27, 1936, and no further order of continuance was made and no judgment entered thereon within thirty days from such setting. The motion for a new trial was overruled on May 9, 1936. Was this ruling within the statute and rules as recently construed and announced by the court? Williams, Supt. of Banks, v. Knight, 233 Ala. 42, 169 So. 871, 872, 879. The foregoing recitals disclose a discontinuance, and present a question of jurisdiction, unless waived by the parties in the lower court at the time of the submission of the motion to the court. Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689; Ex parte Allen, 221 Ala. 393, 128 So. 801; Williams, Supt. of Banks, v. Knight, supra. The agreement of counsel of date of May 2, 1936, shows such a waiver of discontinuance. It was consented that the motion be amended as indicated by the agreement. There was waiver of oral argument and request that the court enter judgment on said motion at the earliest possible moment. The motion was overruled on May 9, 1936. The appeal was taken on May 23, 1936, within the rule of the statute and decisions. No failure of jurisdiction is presented. Williams, Supt. of Banks, v. Knight, 233 Ala. 42, 169 So. 871, 872.

The suit is assumpsit. It is founded on a certificate or policy of insurance on the life of Stephen S. Thompson, in which appellee-plaintiff was the named beneficiary. The trial was had on issue of fact presented by several pleas and resulted in judgment for plaintiff.

There was a motion for a new trial, which was overruled.

Aside from the general issue, defendant interposed several classes of pleas. The second plea was that the instrument sued on contained a provision that the certificate became null and void unless delivered and accepted within forty-five days of its issue, that the date of issue was October 7, 1932, indorsed thereon by the agent; and that the date of its delivery and acceptance was January 28, 1933. To this plea appellee filed replication No. A, to which replication plaintiff demurred and which said demurrer was overruled. The replication was to the effect that "on to-wit: January 18, 1933, De E. Bradshaw, President of the Sovereign Camp, Woodmen of the World, acting in the line and scope of his authority, as such President, wrote to the Plaintiff's intestate, Stephen S. Thompson, a letter, the pertinent part of which is in words and figures as follows, viz:

"'If, upon receipt of this letter, you have not, as yet, accepted the certificate, but upon further consideration, you decide that it will be to your advantage to do so, then call at once on the Financial Secretary of the Camp in which you have applied for membership, complete the enclosed certificate of health form with his signature, as witness, then promptly return the same to this office.'

"Plaintiff avers that Stephen S. Thompson, immediately upon receipt of said letter, containing the above quoted paragraph, called upon James J. Owens, who was the Financial Secretary of the Camp, Woodmen of the World, in which the said Stephen S. Thompson had applied for membership and completed the certificate of health, which was enclosed in said letter, with the signature of James J. Owens, as a witness, and that he promptly returned the same to the office of the Woodmen of the World, W. O. W. Building, Omaha, Neb."

The replication was further that the payment was duly made for premiums for December, 1932, and for January, 1933; that on February 1, 1933, the insured paid to the financial secretary of defendant the monthly assessment and camp dues; that the same was paid to and accepted by such official "acting in the line and scope of his employment"; that defendant received in its home office on January 31, 1933, the health certificate executed by plaintiff; and that defendant is estopped from denying liability under the terms of the certificate by reason of the foregoing averred facts. There was no error in overruling defendant's demurrer to such replication. The alleged facts, and evidence thereof, show that the superior executive officer of the defendant made the waiver of time of delivery. This provision made for the benefit of the defendant may be waived. The president's letter to the assured estopped his company.

The third plea was that plaintiff's intestate in his application warranted that he did not have diabetes, a disease materially increasing the defendant's risk, which warranty is averred to have been untrue; and that in ignorance of such untruthfulness, and relying on the warranty, defendant issued the policy sued upon.

In plea 5 is set up the provision of sound bodily health and mind; that applicant had not within the past five years consulted or been attended by a physician for any disease; and that he was at the time of his application in good health. Such representations were alleged to be untrue, in that insured had diabetes and had consulted physicians therefor; and that applicant was not in good health by reason of such disease, which materially affected defendant's risk of loss when the policy was issued. The same material facts are presented or pleaded as to the time of and as affecting the delivery of the policy.

The questions arise upon such pleadings of defendant (1) whether such misrepresentations made by defendant to procure the issuance of the policy were false; (2) if so, whether they were material facts that increased the risk that affected, or was calculated to affect, the conduct of the defendant in the issue and delivery of the policy; and (3) whether by reason of the agreement of the parties the policy did not become effective by its delivery. That is to say, such conditions precedent are in fact a warranty. Commonwealth Life Insurance Company v. Harmon, 228 Ala. 377, 153 So. 755; Commonwealth Life Insurance Company v. Brandon, 232 Ala. 265, 167 So. 723; Reliance Life Insurance Co. v. Sneed, 217 Ala. 669, 117 So. 307.

The pleas set up warranties and material misrepresentations of insured (1) that he was in good health at the times indicated— when the application was made and when the policy was delivered; (2) that he had not consulted or been attended by a physician within five years next before the date of his application for the insurance. That these warranties were untrue are established by the plaintiff as a witness on her own behalf and by Drs. Young, Gibson, and Riley. The latter testified that Mr. Thompson was never free from disease from July, 1932, to the date of his death, that he was suffering from the malignant type of diabetes, with which he died..

Thompson's transaction with the defendant was through the United States mail. As stated in depositions of secretary John T. Yates and of the medical director, A. D. Cloyd, the application for insurance was duly received and delivered to Cloyd and accepted by him for his company and certificate was made therefor by its secretary Yates on October 19, 1932. It was mailed to the financial secretary of the Local Camp for delivery to Thompson, provided on the date of delivery he was in good health; and assured receipted and returned the certificate of good health.

In section 51 of "Constitution, Laws and By-Laws" of defendant's association, it is contracted:

"But nothing herein shall be construed to authorize any member or Camp to introduce or obligate an applicant, or deliver his certificate, if said applicant is not in good health. No certificate shall be delivered more than forty-five days after the date placed on same by the Secretary of the Association, and if delivered more than forty-five days after it is dated by the Secretary, it shall be null and void, and all payments made thereon forfeited to the Association."

And in section 56, it is provided:

"The liability of the Association for the payment of benefits on the death of a member shall not begin until after his application shall have been accepted by the Medical Director his certificate issued, and he shall have:

"First. Paid all entrance fees.

"Second. Paid one or more advance annual assessments and dues or one or more advance monthly installments of assess-

ments and dues; also signed his certificate and acceptance slip attached thereto.

"Third. Paid the physician for medical examination where the application is less than one thousand dollars.

"Fourth. Been obligated or introduced by a Camp, or by an authorized deputy.

"Fifth. Had delivered to him, in person his beneficiary certificate while in good health.

"The foregoing are hereby made a part of the consideration for, and are conditions precedent to, the liability for the payment of benefits in case of death."

The provisions of the "Constitution and By-Laws" are a part of the certificate. It is provided therein as follows:

"This certificate is issued and accepted subject to all the conditions set forth herein and on the reverse side hereof, and the provisions of the Constitution, Laws and By-Laws of the Association. The articles of incorporation and the Constitution, Laws and By-Laws of the Association and all amendments to each thereof which may be made hereafter; the application for membership, signed by the applicant and approved by the Medical Director of this Association, and when a Medical Examination is made, the statements of the applicant to the Medical Examiner as recorded by him and signed by the applicant, and this certificate shall constitute the agreement between the Association and the member, and copies of the same, certified by the Secretary of the Association, shall be received in evidence as proof of the terms and conditions thereof."

As affecting insurance, the distinction between misrepresentations and warranties is well understood. The former are anterior to and inducements to the making of the contract and assumption of the risk; the latter are contractual obligations assumed as affecting the same. Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 465, 168 So. 577, 579. It is provided by the statutes, sections 8364, 8507 of the Code, that neither misrepresentations nor warranties shall avoid a policy of insurance, unless they were made with (1) the actual intent to deceive, or (2) unless the matter misrepresented increased the risk of loss. As construed by this court, if (1) the actual intent to deceive and the matter misrepresented or breached in the warranty was material to the contract as to its assumption by the insurer, or (2) if the matter misrepresented or breached in the warranty in-

creased the risk of loss, the policy is avoided thereby. Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723; Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 465, 168 So. 577, 579.

It need hardly be observed that it is necessary only that one of the foregoing statutory alternatives should concur to avoid a policy. Mutual Life Ins. Co. of New York v. Allen, 174 Ala. 511, 56 So. 568. Of course, both alternatives may exist in the same case, and, if so, they may be averred. This, however, is not necessary; either is sufficient. If the two coincide, they may be averred in separate pleas. Code, § 8049; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; and the many authorities of this court are collected in Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 168 So. 577.

We have held that delivery in good health is such a condition precedent, is in fact a warranty, and that it affected the coverage of the policy. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 195, 146 So. 524.

We hold there was error in declining defendant's written general affirmative charge.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.