213 So.2d 860

**William M. HENDERSON et al.**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**

**6 Div. 477.**

Supreme Court of Alabama.

Aug. 22, 1968.

Rehearing Denied Sept. 19, 1968.

Geo. S. Brown, Roscoe B. Hogan and J. Wm. Wilder, Birmingham, for appellants.

Edgar M. Elliott, and Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

SIMPSON, Justice.

State Farm Insurance filed a bill for declaratory judgment in the Circuit Court on March 15, 1966, alleging a rescission of a contract of automobile liability insurance between it and Wiley H. Parsons, alleging that it was entitled to a rescission in that Parsons had fraudulently misrepresented to the company in his application for the policy of insurance that no driver (defined as including his wife) had been fined or arrested for any traffic violation in the past five years. State Farm sought a declaration that it was not obligated to defend Wiley H. Parsons or Inez Parsons in a suit brought against them by William H. Henderson and Ann Henderson arising out of an automobile accident, allegedly covered by the policy of insurance involved.

The case was heard on oral testimony and the trial court entered a decree finding that the misrepresentation had been made by Parsons, and that it was made by actual intent to deceive State Farm; that it increased the risk of loss; and that State Farm relied upon the representation to its prejudice. The court found that State Farm had promptly rescinded the policy and ruled that it was under no duty to defend the actions at law or to pay any judgment or costs therein.

From this decree the Hendersons appeal.

Briefly, the facts, as found by the trial court, are as follows:

On July 26, 1965, Parsons came into the office of State Farm and made an application for liability insurance. The application defined drivers as including the spouse of the applicant. One of the questions on the application, which was read to the applicant, was whether the applicant or any driver had been fined or arrested for a traffic violation within the past five years. Parsons answered this question in the negative—fraudulently, according to the finding of the trial court. The appellants in brief concede that it was fraudulently so answered. The facts show that a little more than four months prior to the date the application was made, on March 15, 1965, the wife of Parsons had been arrested and confined to jail in Graysville, Alabama for "Reckless Driving—Drinking".

The policy issued agreed to insure the named insured "in consideration of the premium paid, and in reliance upon the declarations made a part hereof * * *".

The declarations contained the following:

"3. Unless stated in the exceptions (a) no insurer has cancelled automobile

insurance issued to the named insured or any member of his household within the past three years, and (b) no license to drive or registration has been suspended, revoked or refused for the named insured or any member of his household within the past five years."

Under "Policy Conditions" was the following statement concerning the declarations:

"10. *Declarations.* By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Also included under "Policy Conditions" is a statement concerning cancellation which restricts the right of the company to cancel after thirty days unless certain situations obtain, including:

"(b) * * * the named insured obtained this insurance by means of a fraudulent misrepresentation."

As we understand the appellants' contention, it is that the trial court erred in permitting the rescission of this policy on the ground that it was obtained by fraudulent misrepresentation because of the provisions contained in "Policy Conditions" quoted above. It is stated in appellants' brief, "We insist that the finding of the trial court as to the misrepresentation does not mean that the appellee is not bound by the plain terms of its insurance contract."

Appellants in this contention rely upon Title 28, § 75 of the Code, which provides:

"No life nor any other insurance company nor any agent thereof shall make any contract of insurance or agreement as to policy contract other than is plainly expressed in the policy issued thereon * * *."

Based upon this statute and the language quoted from the policy under "Policy Conditions" the appellants argue that the trial court erred in considering the fraudulent misrepresentation made in the application because the application was not made a part of the policy itself.

In this appellants misinterpret the law, both the intent of the above statute and the cases construing it.

In Empire Life Insurance Co. v. Gee, 171 Ala. 435, 55 So. 166, in construing the predecessor of Title 28, § 75, the court said:

"The insurer may not * * * sustain a plea that the insured has breached the contract by giving in evidence the warranties of an application for the policy, not incorporated in the body of the policy, or not so attached as to serve the purpose of the statute. The effect of the statute is to help out inattentions and misapprehensions on the part of persons insured by putting them in possession of the entire evidence of their contracts. In some of the states the statutes forbid the introduction in evidence of applications not attached to policies; *but in the statute of this state there is no inhibition against the proof of representations made in the application to the extent they may be relevant and material to a plea of fraud in the procurement of the policy,* and, in the absence of language clearly mandatory to that effect, we would not be inclined to adopt a construction of the statute which in some, though rare, cases would amount to a practical foreclosure against insurance companies of all remedy for fraud. * * * *Fraud vitiates everything,* and it is not ordinarily the policy of the law to put difficulties in the way of proving it." (Emphasis added.)

In Mutual Life Insurance Co. v. Allen, 166 Ala. 159, 51 So. 877, this court said, again construing the predecessor of the present § 75 of Title 28:

"We did not hold, however, in the Verneuille Case [Manhattan Life Ins.

Co. v. Verneuille, 156 Ala. 592, 47 So. 72], supra, that section 4579 was broad enough to exclude false and fraudulent representations inducing the contract or agreement, and which did not become warranties or agreements. Nor can we so construe this section in the case at bar, as it expressly applies only to contracts and agreements, and not to misrepresentations made with the actual intent to deceive, and which would increase the risk of loss, and which did not amount to an agreement or warranty. * * * We therefore hold that under section 4579 any contract or agreement relating to same is not binding on the insured, unless expressed in the policy. *But misrepresentations in the application or negotiation for insurance or proof of loss thereunder, and which are not made a part of the contract of insurance, or of an agreement relating to same, are binding on the insured, although not expressed in the policy contract, provided, of course, it is made with the actual intent to deceive or the risk is thereby increased.*" (Emphasis added.)

See also Sovereign Camp, W.O.W. v. Hutchinson, 214 Ala. 540, 108 So. 520; American National Insurance Co. v. Walstrom, 226 Ala. 402, 147 So. 595.

Appellants' argument that the language of the policy quoted under policy conditions precludes rescission of the policy based upon the applicant's fraud and misrepresentation reads into that provision and the statute more than is there. In Independent Life Insurance Co. of America v. Butler, 221 Ala. 501, 129 So. 466, this court considered a policy which contained the following provision.

"'All the conditions and agreements contained on this, the preceding and succeeding pages hereof, constitute the entire contract between the Company and the insured and the holder or claimant thereof.'"

The application was not made a part of the policy. The court concluded:

"An application for the issuance of a policy of insurance, signed by the insured, containing representations as to the health of the insured, may be received as evidence of such representations in support of a plea of fraud and deceit, though the application is not embodied in, nor made a part of, the contract * * *; but, where the plea is of a warranty and a breach thereof, such application not embodied in, or attached to, the policy, and made a part thereof, is not evidence of such warranty."

The trial court found that the insured here deliberately with actual intent to deceive the insurer misrepresented facts which increased the risk of loss. The policy provided that when the insured obtained the policy by means of fraudulent misrepresentation, the company had a right to cancel the policy. The company did so and sought this bill for rescission. The relief was properly granted, and nothing in Title 28, § 75 precludes it.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.